106 F.3d 428
 9 NDLR P 173
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Janice L. YORKOWITZ, Petitioner,
v.
DEPARTMENT OF TREASURY, Respondent.
 No. 96-3292.
 United States Court of Appeals, Federal Circuit.
 Jan. 30, 1997.
 
 Before ARCHER, Circuit Judge, SMITH, Senior Circuit Judge and NEWMAN, Circuit Judge.
 
 Decision
 PER CURIAM
 
 1
 Ms. Yorkowitz appeals a final decision of the Merit Systems Protection Board ("MSPB" or "Board") affirming her removal from the Internal Revenue Service ("IRS" or "agency"). Because Ms. Yorkowitz has failed to effectively waive her discrimination claim, we cannot exercise jurisdiction over the case.
 
 Background
 
 2
 Ms. Yorkowitz was suspended and later dismissed from her position as a legal technician with IRS for failure to conduct herself in a courteous, businesslike, and diplomatic manner. At Ms. Yorkowitz's hearing, the agency introduced evidence of eight altercations in which Ms. Yorkowitz had been aggressive, hostile, and sometimes threatening to her fellow workers. Ms. Yorkowitz did not substantially dispute these charges, instead blaming her conduct on her disabling psychological and physical problems and raising the affirmative defense of disability discrimination. The AJ found that the agency had proved its charges, that Ms. Yorkowitz could not be accommodated, and that she had not suffered disability discrimination. The Board refused an appeal and the decision became final.
 
 
 3
 Ms. Yorkowitz challenges the Board's decision on two grounds. She alleges that the AJ made a procedural error at the hearing by allowing the government's counsel to interrupt her representative's closing arguments. Ms. Yorkowitz also alleges that the AJ failed to properly take into account her disability.
 
 Jurisdiction
 
 4
 This court has no jurisdiction over a "mixed case," that is, one involving an adverse action and a claim of discrimination. Williams v. Department of the Army, 715 F.2d 1485, 1491 (Fed.Cir.1983)(en banc). Jurisdiction over such a case is properly in the United States district courts. A petitioner cannot waive her discrimination claim merely by filing an appeal in this court. Rather, she must file an express written statement waiving any claim of discrimination before this court can take jurisdiction over the case. Daniels v. United States Postal Serv., 726 F.2d 723, 724 (Fed.Cir.1984).
 
 
 5
 Inappropriately, the statement Ms. Yorkowitz filed with the court averred that she had not brought and would not bring a discrimination claim in this case, pursuant to Federal Circuit Rule 15(c)(i). She had, in fact, brought discrimination claims before the Board and, therefore, must waive those claims pursuant to Rule 15(c)(ii).[1] Failure to file an appropriate waiver of discrimination claims divests this court of jurisdiction. Davidson v. United States Postal Serv., 24 F.3d 223, 224 (Fed.Cir.1994). Because petitioner failed effectively to waive her discrimination claims and she continued to assert such claims in her appeal, this court lacks jurisdiction to hear the case.
 
 Accordingly, IT IS ORDERED THAT:
 
 6
 Petitioner file with the court within 15 days of the date hereof either (1) a request for this court to hear her appeal accompanied by an appropriate waiver, or (2) a request for transfer to the appropriate United States district court.
 
 
 7
 In the absence of a timely response, the appeal is subject to dismissal for lack of prosecution.
 
 
 
 [1]
 Under Federal Circuit Rule 15(c), the petitioner must file one of the following statements with the clerk:
 (i) No claim of discrimination by reason of ... handicapped condition has been or will be made in the case; or (ii) Any claim of discrimination by reason of ... handicapped condition raised before the board has been abandoned and will not be raised or continued in this or any other court; or (iii) The petition seeks review only of the board's dismissal of the case for lack of jurisdiction or for untimeliness.